IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. HARVEY, #1434901 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv63 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Dale Harvey, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Petitioner is challenging his Grayson County conviction for theft over $1,500, Cause Number 055681-15-A.  On May 3, 2007, after pleading guilty, the trial court sentenced Petitioner to twenty (20) years' confinement.  He did not appeal the judgment. However, he filed a post-conviction application for a writ of habeas corpus on October 28, 2009, which the Texas Court of Criminal Appeals denied without written order on December 16, 2009.

The present petition for a writ of habeas corpus was filed on February 16, 2010.  Petitioner specified that he placed the petition in the prison mailing system on January 20, 2010; thus, it is deemed filed on January 20, 2010, in accordance with the "mailbox rule."  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Petitioner alleged that he is entitled to relief because Texas Government Code Section 508.149 is unconstitutional because it violates due process, it acts as an unlawful suspension of the writ of habeas corpus, and it violates the separation of powers doctrine. The Director filed a Response, asserting that Petitioner is not entitled to relief because the claims that

1

Petitioner raises are not cognizable in a federal habeas corpus petition.  Petitioner filed a Reply.

<u>Federal Habeas Corpus Relief</u>

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right.  *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991);  *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).  In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.  *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996.  The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000);  *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997).  The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts.  *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases.  *Williams*, 529 U.S. at 405-06.  A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision."  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*).  "Under § 2254(d)(1)'s 'unreasonable

2

application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.   Rather, that application must be objectively unreasonable. *Id.* at 409.  The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).  A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

### Function of Habeas Corpus

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the habeas writ is to secure release from illegal confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 92 S. Ct. 1827, 1833, 36 L. Ed.2d 439 (1973); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (the sole function of a writ of habeas corpus is "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.").  Broad-based challenges to the Parole Board's rules and procedures affect a prisoner's release, such as those raised by Petitioner in this case, may be pursued in habeas corpus actions only if resolution of the allegation would automatically entitle the prisoner to accelerated release. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987).  Otherwise, broad-based challenges are correctly brought in a civil rights case pursuant to 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 125

S. Ct. 1242, 1248, 161 L. Ed.2d 253 (2005) (prisoners may bring § 1983 suits to challenge the constitutionality of parole eligibility and parole determination procedures).  Petitioner has raised broad-based challenges to parole procedures that are properly brought in a § 1983 case – not a habeas corpus petition. Petitioner has not shown that resolution of his claims would automatically entitle him to accelerated release.  *Johnson*, 821 F.2d 15 1123.  Moreover, he seeks not release, but rather, an injunction and declaratory relief.  In sum, Petitioner's claims are not cognizable on federal habeas corpus review; accordingly, this action should be denied and dismissed.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

4

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484).   Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is recommended that the above-styled petition for writ of habeas corpus be denied and that this case be dismissed with prejudice.  It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 1st day of June, 2012.**


_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE