IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. HARVEY, #1434901 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv63 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner filed a Motion for Reconsideration following final judgment in this case. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Petitioner's motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.* 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Petitioner's motion is properly filed under Rule 59.

In his Rule 59 motion, Petitioner asserts that an inadvertent mistake led to the final judgment in his case. The Report and Recommendation concerning the merits of the issues raised in this case was filed on June 4, 2012 (docket entry #40). This court issued an order of dismissal adopting the findings and conclusions of the Report on March 26, 2013, and ordered that the petition be denied with prejudice and the case be dismissed. A close review of the record shows that while Petitioner filed objections entitled, "Motion for De Novo Review," they were filed in response to a different Report that recommended dismissal for failure to prosecute based on mail being returned that had been sent to Petitioner. Petitioner filed a change of address on April 18, 2013. He claims that he never received the Report addressing the merits of his issues. He now asks that his case be reopened.

Petitioner's case has already been closed; thus, Petitioner may submit a motion for

reconsideration outlining his objections to the Report and Recommendation (#40) in a Rule 60(b) motion. In the interest of justice, the court will conduct a *de novo* review of the motion and objections if Petitioner wishes to submit them. Accordingly, it is

**ORDERED** that Petitioner's Motion for Reconsideration (docket entry #49) is **DENIED**. However, if Petitioner wishes to file a Rule 60(b) motion which outlines his objections to the Report (#40), he should submit it within a reasonable period of time. Fed. R. Civ. P. 60( c) (1). It is further

**ORDERED** that the Clerk of the Court send with this order a copy of the Report and Recommendation in this case (#40) that addresses the merits of the issues raised by Petitioner.

Petitioner filed two motions concerning leave to appeal *in forma pauperis* (#51, 53). Pending Petitioner's filing of a Rule 60(b) motion, those motions are **DENIED** subject to reconsideration.

Finally, Petitioner files a motion for an order directing the Grayson County Sheriff's Office to provide Petitioner access to a law library (docket entry #52). He states that a statement from this Court concerning Petitioner's *pro se* status is what is required for him to gain access. To that extent, Petitioner's motion (docket entry #52) is **GRANTED**, and the Grayson County Sheriff's Office is hereby notified that Christopher Dale Harvey is proceeding *pro se* in the pursuit of his § 2254 petition for writ of habeas corpus.

**SIGNED this the 21st day of August, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE